RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1813-15T4

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

 Petitioner-Respondent,

v.

T.F.,

 Respondent-Appellant.
___________________________________________________________

 Submitted April 3, 2017 – Decided April 27, 2017

 Before Judges Haas and Currier.

 On appeal from the Department of Children and
 Families, Division of Child Protection and
 Permanency.

 T.F., appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Andrea M. Silkowitz,
 Assistant Attorney General, of counsel; Joann
 M. Corsetto, Deputy Attorney General, on the
 brief).

PER CURIAM

 Defendant T.F. appeals from the final agency decision of

petitioner, New Jersey Division of Child Protection and Permanency
(Division), that upheld the substantiated finding of abuse and

neglect. We affirm.

 The Division received a referral that eight-year-old S.B.

(Susan)1 had told her classmates that her mother, T.F., had struck

her with a belt and phone cord. A Division caseworker went to the

school, where she spoke with Susan and observed the bruising on

her stomach, legs, back, and buttocks. Susan said she had been

whipped by her mother after receiving a bad grade on a test. She

also said it was not the first time her mother had hit her with

an object. When defendant arrived at the school that afternoon,

she admitted that she had beaten Susan for her bad behavior at

school, and that she had previously inflicted corporal punishment

on her daughter. The caseworker noted that defendant was

unremorseful and without empathy for her child.

 As a result of the conceded beatings and observed bruising

on Susan, the Division determined the child was in immediate and/or

impending danger of serious harm. Susan's father agreed to care

for his daughter, and defendant acquiesced to a safety protection

plan, parenting skills training, and a psychological evaluation.

 In February 2011, the Division presented a verified complaint

for the care, custody, and supervision of Susan. The family part

1 We use initials and pseudonyms for the purposes of
confidentiality.

 2 A-1813-15T4
judge denied the complaint, finding that removal of the child was

not necessary to avoid a risk to Susan's health or safety. The

judge continued physical custody with Susan's father as she was

already living with him. He did not find the circumstances

required the removal of the child from her parents. Defendant was

granted liberal visitation as agreed to by both parents.

 Defendant was subsequently charged with fourth-degree child

abuse, in violation of N.J.S.A. 9:6-1, as a result of these events.

She successfully completed the required parenting training program

and underwent a psychological evaluation.

 In March, Susan's father moved out of state and custody of

the child was returned to defendant. Susan and defendant

participated in individual and family therapy; defendant also

attended anger management classes. The Division closed its file

in March 2012.

 As a result of these events, defendant was substantiated for

physical abuse under N.J.S.A. 9:6-8.11. Defendant appealed the

findings but was advised that in light of the ongoing family part

and criminal litigation concerning this matter, her appeal was not

yet ripe. Once the court cases were resolved, defendant could

pursue her appeal.

 Defendant completed pre-trial intervention and her criminal

charge was dismissed and later expunged. In January 2015,

 3 A-1813-15T4
defendant requested an administrative hearing to appeal the

substantiated finding of physical abuse. The Division submitted

a motion for summary disposition to which defendant responded; she

did not contest the underlying facts of the case. On October 7,

2015, the Division issued a final agency decision granting the

motion for summary disposition and affirming the substantiated

finding of physical abuse.

 The standard of review that applies in an appeal from a state

agency decision is well established. "Judicial review of an

agency's final decision is generally limited to a determination

of whether the decision is arbitrary, capricious, or unreasonable

or lacks fair support in the record." Caminiti v. Bd. of Trs.,

Police & Firemen's Ret. Sys., 431 N.J. Super. 1, 14 (App. Div.

2013) (citing Hemsey v. Bd. of Trs., Police & Firemen's Ret. Sys.,

198 N.J. 215, 223-24 (2009)). In reviewing an administrative

decision, we ordinarily recognize the agency's expertise in its

particular field. Ibid. We will not substitute our judgment for

the agency's even though we might have reached a different

conclusion. In re Stallworth, 208 N.J. 182, 194 (2011); see also

In re Taylor, 158 N.J. 644, 656 (1999) (discussing the narrow

appellate standard of review for administrative matters).

 N.J.S.A. 9:6-8.21(c) provides in pertinent part the

definition of an abused or neglected child as follows:

 4 A-1813-15T4
 "Abused or neglected child" means a child less
 than 18 years of age . . . whose physical,
 mental, or emotional condition has been
 impaired or is in imminent danger of becoming
 impaired as the result of the failure of his
 parent or guardian, as herein defined, to
 exercise a minimum degree of care . . . by
 unreasonably inflicting or allowing to be
 inflicted harm, or substantial risk thereof,
 including the infliction of excessive corporal
 punishment; or by any other acts of a
 similarly serious nature requiring the aid of
 the court.

 Excessive corporal punishment is child abuse. We addressed

when such punishment may be deemed excessive in DYFS v. K.A, 413

N.J. Super. 504 (App. Div.), certif. granted, 204 N.J. 40 (2010).

We explained that "a single incident of violence against a child

may be sufficient to constitute excessive corporal punishment" and

advised that the circumstances presented in each case must be

examined in a determination of whether excessive corporal

punishment was used. Id. at 511-12. We confirmed again in DYFS

v. S.H., 439 N.J. Super. 137 (App. Div.), certif. denied, 222 N.J.

16 (2015), that an isolated incident of physical injury is

sufficient to establish abuse or neglect.

 In her brief, defendant states that after learning that Susan

had misbehaved in school, she "[struck] [the child] once with a

phone cord then decided to use a belt because it . . . required

more force." Susan had numerous bruises on her body as a result

of the whipping.

 5 A-1813-15T4
 We are satisfied that the decision of the Division

substantiating defendant for physical abuse was supported by the

credible evidence presented to it. Defendant has never contested

the factual underpinnings of the incident; she only disagrees with

the substantiated finding. Her actions constituted a failure to

exercise a minimum degree of care in violation of N.J.S.A. 8:21-

(c)(4)(b), and therefore, we affirm the Division's decision.

 Affirmed.

 6 A-1813-15T4